IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONI R. SHAFFER, | : | |
| Plaintiff, | : | Case No. 2:10-cv-331 |
| v. | : | Judge Holschuh |
| BRINK'S U.S., | : | Magistrate Judge Deavers |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

After being terminated from her job, Plaintiff Joni Shaffer filed suit in the Franklin County Court of Common Pleas against her former employer, Brink's, Inc. ("Brink's"),[1] alleging discrimination in violation of Ohio Revised Code § 4112.02 and Ohio's Pregnancy Disability Act. Brink's removed the case to federal court based on diversity of citizenship. This matter is currently before the Court on Shaffer's motion to remand.[2] For the reasons set forth below, that motion is denied.

**I.      Background and Procedural History**

Joni Shaffer was employed by Brink's as an administrative assistant for approximately ten years. After informing Brink's that she was pregnant, she was terminated. Although Brink's alleges that Shaffer was terminated for violating a company rule, Shaffer contends that she was terminated

---

[1] Defendant was incorrectly identified in the Complaint as Brink's U.S.

[2] Shaffer has requested an oral hearing on this motion. Because she has failed to show that oral argument is "essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented," the Court denies her request. See S.D. Ohio Civ. R. 7.1(b)(2).

because she was pregnant.

On March 15, 2010, Shaffer filed a two-count Complaint in the Franklin County Court of Common Pleas.  Count 1 alleged that Shaffer was temporarily disabled as a result of her pregnancy and that Brink's did not offer her a reasonable accommodation.  Shaffer alleged that Brink's violated Ohio Revised Code § 4112.02, resulting in damages in excess of $25,000.  Count 2 alleged that Brink's employment policy violated Ohio Administrative Code 4112-5-05 in that insufficient maternity leave was available, resulting in damages in excess of $25,000.  In her prayer for relief, Shaffer demanded: (1) compensatory damages in excess of $25,000; (2) punitive damages; (3) front pay and back pay; (4) reasonable attorney fees; and (5) other appropriate relief.

On April 16, 2010, Brink's removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Shaffer then filed a motion to remand the case to state court, arguing that her case does not satisfy the $75,000 "amount in controversy" requirement of § 1332.

## II.     Relevant Law

Federal district courts are courts of limited jurisdiction.  Civil cases filed in state court may be removed to federal court only if the case could have been originally filed there.  See 28 U.S.C. § 1441(a). In this case, removal is allegedly based on 28 U.S.C. § 1332(a)(1), which grants district courts original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." It is undisputed that there is complete diversity of citizenship.  Shaffer is a resident of Ohio, and Brink's is a Delaware corporation with its principal place of business in Virginia.  At issue is whether the matter in controversy exceeds the value of $75,000.

When a plaintiff seeks unspecified damages, the defendant seeking removal must establish the amount-in-controversy requirement by a preponderance of the evidence. See Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). This burden is satisfied if a "fair reading" of the unspecified damages in the complaint and other evidence of record shows that the amount in controversy exceeds $75,000. See Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 573 (6th Cir. 2001).

**III.    Analysis**

The Court concludes that Brink's has met its burden of proving that it is "more likely than not" that Shaffer's claims meet the jurisdictional threshold amount. Each of the two counts of the Complaint seeks specified damages in excess of $25,000, raising the aggregate total to more than $50,000. In addition, Shaffer seeks unspecified punitive damages, front pay, back pay, and reasonable attorney fees. Because these types of damages are arguably recoverable under state law, they may be considered in determining whether the jurisdictional requirement is met. See Kovacs v. Chesley, 406 F.3d 393, 397 (6th Cir. 2005). When these unspecified damages are added to the $50,000 in specified damages, it is clear that the amount-in-controversy requirement is satisfied.

The Court must include punitive damages in the calculation "unless it is apparent to a legal certainty that such cannot be recovered." See Hayes, 266 F.3d at 572. Ohio's anti-discrimination statute permits an award of punitive damages. See Rice v. CertainTeed Corp., 84 Ohio St.3d 417, 421, 704 N.E.2d 1217, 1220 (Ohio 1999) (citing Ohio Revised Code § 4112.99). Normally, punitive damages awards are limited to no more than 10 times the compensatory damages awarded. See BMW of North Am., Inc. v. Gore, 517 U.S. 559, 581 (1996). In this case, even if Shaffer recovered only $25,001 in compensatory damages, a conservative award of punitive damages at a 2:1 ratio

3

would push her claim over the jurisdictional threshold of $75,000.  Moreover, if punitive damages were awarded, Shaffer may also be entitled to attorney fees.  See Sutherland v. Nationwide Gen. Ins. Co., 102 Ohio App.3d 297, 657 N.E.2d 281 (Ohio Ct. App. 1995).  Such an award would push Shaffer's claim well above the requisite amount in controversy.

In addition, Shaffer seeks front pay and back pay.  This equitable relief is also available under Ohio's anti-discrimination statute.  See Gray v. Allstate Ins. Co., No. 1:03-cv-910, 2005 WL 2372845, at *8 (S.D. Ohio Sept. 26, 2005).  According to Matthew Bitterman, Senior Director of Human Resources at Brink's, Shaffer earned $35,595.38 per year before she was terminated.  Together with benefits, Shaffer's annual compensation was valued at over $42,000.  (Bitterman Aff. ¶¶ 2, 4).  Even if Shaffer were awarded just one year of back pay and one year of front pay, this alone would satisfy the jurisdictional threshold.

**IV.     Conclusion**

For the reasons stated above, the Court concludes that a fair reading of the Complaint and other evidence of record shows that the amount in controversy exceeds $75,000, thereby satisfying the jurisdictional requirement.  The Court therefore **DENIES** Plaintiff's motion to remand (Doc. 5).

**IT IS SO ORDERED.**


Date: June 8, 2010                    **/s/ John D. Holschuh**
                                      John D. Holschuh, Judge
                                      United States District Court